# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**ROGER LEE HARPER,**

      **Petitioner,**

**v.**                                                      **Case No. 2:13-cv-07421**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**


## PROPOSED FINDINGS AND RECOMMENDATION

On April 8, 2013, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2), filed by Roger Lee Harper (hereinafter "the petitioner"), an inmate at the Mount Olive Correctional Complex in Mount Olive, West Virginia.  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pending before the court are the respondent's Motion for Summary Judgment (ECF No. 12), and the petitioner's Motion to Deny the respondent's Motion to Dismiss[1] (ECF No. 15), which also contains a request by the petitioner to amend his section 2254

---

[1]  In his Memorandum in support of his Motion for Summary Judgment (ECF No. 14 at 11), the respondent included a discussion of the standard of review for dismissal of claims under Rule 12(b)(6). The petitioner's response (which the undersigned is ultimately treating as a Motion to Amend), takes issue with the use of the Rule 12(b)(6) standard in section 2254 proceedings, and  moves the court to deny the "Motion to Dismiss."  (ECF No. 15).  The undersigned notes, however, that the respondent's brief ultimately seeks summary judgment on each of the claims raised by the petitioner, so no further discussion of the applicability of the Rule 12(b)(6) standard is necessary.  Moreover, as will be more fully discussed herein, the undersigned is recommending that the respondent's Motion for Summary Judgment be denied without prejudice.

petition to include "all of the constitutional grounds for relief identified by Mark G. Sergent in the Direct Appeal to the West Virginia Supreme Court of Appeals."  Before taking up the Motion to Amend, the undersigned will provide a detailed procedural history of the petitioner's state criminal and habeas corpus proceedings.

## PROCEDURAL HISTORY OF PETITIONER'S CASE

### *The petitioner's criminal proceedings*

On October 15, 1991, the petitioner was convicted by a jury in the Circuit Court of Roane County, West Virginia, on two counts of first degree murder and one count of malicious wounding.  *State v. Harper*, No. 90-F-8 (Cir. Ct. Roane Cty, Oct. 15, 1991). (ECF No. 12, Ex. 1-3).  The petitioner was sentenced on November 4, 1991 to life without mercy on each of the first degree murder counts, and a concurrent sentence of two to ten years on the malicious wounding count.  (*Id.*, Ex. 3).

The petitioner's conviction stems from a November 24, 1989 incident at a bar in Spencer, West Virginia, in which the petitioner shot and killed two people and wounded another in front of a room full of people.  The petitioner has never denied shooting the victims, but claims that he has no memory of doing so.  In his post-conviction proceedings, the petitioner has argued that he should not be held accountable for his actions because he suffers from Intermittent Explosive Disorder ("IED"), which is described by the respondent as a personality disorder that causes the petitioner to go into blind rages which he later forgets.  (ECF No. 14 at 17).

In his post-conviction proceedings, the petitioner has alleged that the trial court violated his constitutional rights by refusing to provide funding for a second defense expert witness to testify concerning his alleged mental condition, after the original expert selected by the defense questioned the validity of the petitioner's alleged mental

disorder.  The petitioner also alleges violations of his constitutional rights based upon ineffective assistance of counsel, prosecutorial misconduct, instructional error and juror bias.

Because the undersigned is recommending that the petitioner be permitted to amend his section 2254 petition to add cognizable federal constitutional claims that were exhausted in his direct appeal and, therefore, is recommending that the respondent's Motion for Summary Judgment be denied without prejudice, the undersigned finds it unnecessary at this time to further address the facts of the case and the arguments of the parties concerning the merits of the claims.

<u>*The petitioner's direct appeal*</u>

On May 14, 1992, the petitioner filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (hereinafter the "SCAWV").  The petition for appeal raised the following grounds for relief:

1.    The trial court abused its discretion in denying the defendant bond pending his  indictment when the magistrate court complaint did not contain sufficient information supporting probable cause necessary for a first degree murder warrant therefore defendant was eligible for bond and the denial thereof caused the defendant to be without his liberty and be unable to fully assist in his defense.

2.    That the trial court abused its discretion and denied defendant equal protection under the laws of this state as an indigent criminal defendant in limiting additional expenses for private investigator services to one thousand ($1,000) dollars and then denying defendant's motion for additional private investigator services based in part upon the reasoning that the private investigator was paid by an hourly rate in excess of the then existing hourly fees paid appointed public defenders.

3.    That the trial court erred in denying defendant's motion to dismiss the indictment because no date or month appeared in the indictment of the case as to the date the alleged offense took place and that the felony count contained no felony case number.

4.      That the trial court erred and denied defendant due process, equal protection and effective assistance of counsel because of defendant's indigence when the trial court denied defendant's reasonable choice of a defense mental expert when the state had access to use of an expert and also that the trial court erred in denying defendant's motion for additional fees to retain Dr. Russell R. Monroe after defense expert Ralph Smith testified that he subjectively did not believe that the mental condition defendant was provisionally diagnosed to suffer from was an actual mental condition or disease that existed at all.

5.      That the trial court erred in denying defendant's motion in limine and motion to suppress the testimony of the state medical examiner Dr. Sopher by allowing Dr. Sopher to be able to testify that the deaths of the alleged victims was the result of a homicide.

6.      That the trial court erred in denying defendant's motion to suppress autopsy photographs and crime scene photographs in part by allowing some objected to photographs to be introduced in the state's case in chief as evidence when the photographs were gruesome in nature and their undue prejudicial effect outweighed any probative value.

7.      That the trial court erred in denying defendant's motion to suppress the introduction of the clothing of the victims and allowing such evidence to be introduced in the state's case in chief as evidence.

8.      That the trial court erred and abused its discretion in denying defendant's motion for bifurcated trial thus requiring evidence of mental disease or defect to be introduced at the same time as the case in chief.

9.      That the trial courts erred in denying defendant's motion to use the West Virginia Public Defenders Service jury questionnaire form to inquire of potential jurors denying defendant meaningful voir dire of potential jurors when the trial was for two first degree murder charges and the case was subject to extensive news media coverage.

10.     That the defendant was denied a fair trial when the special prosecuting attorney took his oath of office before the circuit clerks prior to the entry of an order of appointment therefore his participation in the case was improper.

11.     That the trial court erred in refusing defendant's motions to strike for cause during voir dire of jurors Catherine Boggs and Dan Anderson.

12.    That the trial court erred in the jury selection process by filling the main jury panel by use of an alternate jury panel member.  Such action defendant contends is an improper procedure but further asserts that even if an alternate may be  moved  to  the  main  jury panel the alternate to be moved should be the first to  have been drawn, which the court did not do in this case when an alternate jury panel member was selected upon the basis of the chair number occupied by the alternate selected.

13.    That the trial court denied defendant effective confrontation and full cross-examination of state's witness Melinda Stewart, *sua sponte*, in the presence of the jury and therefore improperly influenced the jury against the defendant's theory of the case and also by limiting full cross-examination of state's witness Connie Nichols concerning a prior inconsistent written statement given to the West Virginia State Police and the trial court introducing the prior statement orally to the jury for the purpose of credibility but not for evidence of the matter stated without the opportunity of further cross-examination.

14.    That the trial court denied defendant a fair trial when the trial court refused to allow the defendant to introduce the testimony of West Virginia State Police Sergeant H.M. Eades as to the statements defendant made to said witness at the time of his arrest at the State Police station and in refusing to admit defendant's exhibit # 4 through said witness, which was the rights sheet completed by said witness at the time defendant made said statements, which were defendant's present recollection of the events leading to the criminal charges which such lack of memory or fabrication of no memory was the subject of argument to the jury by the prosecuting attorney and that the trial court erred in refusing to allow the defendant to testify on direct examination that he knows that not remembering the events surrounding the shooting in this case is not a defense to the charges insasmuch as such knowledge goes to the credibility of defendant as  a witness on  his own behalf.

15.    That the trial court failed to properly instruct the jury in this case denying defendant a fair trial when the trial court did not give certain instructions offered by the defendant containing certain areas of law which were not adequately covered in the court's instructions to the jury, including but not limited to the lesser included offense of voluntary manslaughter and in giving the state's instructions over defendant's objection, including an instruction dealing specifically with the testimony of state witness Connie Nichols.

16.     That the verdict forms provided to the jury in the trial did not include a verdict form for the lesser included offenses of the charge set forth in the indictment against this defendant which was supported by evidence before the jury and in accordance with Rule 31(c) of the West Virginia Rules of Criminal Procedure. The verdict forms provided to the jury should have included the lesser included offense of voluntary manslaughter as a potential verdict for a criminal offense as contained in the indictment against the defendant.

17.     That the trial court erred in denying petitioner's motion for judgment of acquittal made at the conclusion of the state's case in chief and at the conclusion of the evidence and the trial court further erred in denying petitioner's motion for a new trial based on the jury verdict is contrary to the evidence of the case and is not supported by the evidence and the trial court erred in denying the motion for judgment of acquittal and or new trial and or arrest of judgment.

18.     The petitioner was denied his right to a fair trial based on competent evidence presented by a fair and impartial prosecuting attorney in that the prosecuting attorney made improper prejudicial statements in his closing and rebuttal argument to the jury.

19.     That the petitioner was denied effective assistance of counsel at his trial based upon the following events:

   a.     That trial counsel did not discover Dr. Ralph Smith's subjective denial of the existence of DSM III category Intermittent Explosive Disorder (312.34) as a possible diagnosis prior to his selection as defense expert and his testimony in this case.

   b.     That trial counsel failed to attempt to introduce the prior written statement of state's witness Connie Nichols by the police officer who took the statement.

   c.     That trial counsel failed to request that the trial jury be questioned or polled as to the possibility that news coverage of the Kileen, Texas murders had improperly influenced the trial jury.

   d.     The trial counsel failed to timely object to the prosecuting attorney's improper rebuttal argument to the jury and failed to request a mistrial on that ground.

20.     That the trial court abused its discretion in not requiring a
        presentence report be completed by the adult probation officer
        prior to sentencing.

21.     That there were numerous errors and violations of fundamental
        rules of law and evidence that considered cumulatively denied
        defendant a fair trial.

(*Id.*, Ex. 4).  The Petition for Appeal was refused by the SCAWV on September 1, 1992.[2]

### *The petitioner's habeas corpus proceedings*

On or about July 28, 1993, the petitioner, acting *pro se,* filed an Application and Motion for Appointment of Counsel in the Circuit Court of Roane County, in order to assist the petitioner in filing a habeas corpus petition.  The case was assigned Case No. 93-C-147.  (*Id.*, Ex. 5).  On August 10, 1993, the Honorable Charles E. McCarty, Circuit Judge, entered an Order appointing Lee F. Benford, II, to represent the petitioner and, pursuant to the holding in *Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981), advised the petitioner that he must file a petition setting forth all grounds for habeas corpus relief that he wished to pursue, and to complete a *Losh* checklist setting forth grounds for relief that the petitioner was not interesting in pursuing, which would be deemed to be waived.  (*Id.*, Ex. 6).

Although not specifically addressed by the parties in their briefs, a review of all of the records and information provided by the parties indicates that, on April 21, 1994, Judge McCarty appointed Larry S. Whited to represent the petitioner, in place of Lee F. Benford, II, and at that time no habeas petition had been filed.  (*Id.*, Ex. 7 at 13; *Id.*, Ex. 9 at 15-16).

---

[2]  Due to the age of the petitioner's case, the records from his direct appeal have been archived by the SCAWV onto microfilm.  The undersigned's staff has confirmed with the Clerk of the SCAWV that the refusal order, which was unavailable to the respondent at the time of his records request and, thus, is not a part of the record before this court, was issued on September 1, 1992.

On October 18, 1996, the petitioner filed a *pro se* Petition for a Writ of Mandamus in the SCAWV, seeking an order requiring the adjudication of his state habeas petition.  (*Id.*, Ex. 7 at 4-12).  Still no petition had been filed on the petitioner's behalf at that time.

Then, on November 13, 1996, Judge McCarty entered an Order directing Mr. Whited to file a petition within three weeks.  (*Id.*, Ex. 7 at 13).[3]  That petition, which is not a part of the record before this court, was apparently filed by Mr. Whited on November 22, 1996, and summarily denied by Judge McCarty, without an omnibus hearing, on January 13, 1997.  (*Id.*, Ex. 8).  The parties' briefs and the record produced to the court do not directly reflect what occurred in the petitioner's case between January 13, 1997 and February 9, 2000.[4]

On February 9, 2000, the petitioner filed a second Petition for a Writ of Mandamus, seeking an order directing Judge McCarty to conduct a full round of proceedings and to render a decision on the merits of the petitioner's claims for habeas corpus relief.  It is unclear what, if any, petition was then pending before the Circuit Court.  On March 23, 2000, the SCAWV issued another rule to show cause against Judge McCarty.  (*Id.*, Ex. 9 at 2).

At some point thereafter, attorney Teresa L. Monk took over the petitioner's representation and filed a Petition for a Writ of Habeas Corpus, still in Case No. 93-C-147, and the petitioner's case was assigned to the Honorable David W. Nibert.  On

---

[3]  On December 5, 1996, the SCAWV issued a rule to show cause against Judge McCarty; however, the mandamus proceeding was ultimately dismissed as moot on January 17, 1997, after Judge McCarty ruled on the habeas petition.  (*Id.,* Ex. 7 at 1-2).

[4]  The record indicates that, on or about September 8, 1997, Judge McCarty appointed Reggie Bailey to represent the petitioner, in place of Larry S. Whited, who had been elected Prosecuting Attorney of Roane County.  (*Id.,* Ex. 9 at 7-8).

November 8, 2005, Judge Nibert entered an Order summarily dismissing the petition filed by Ms. Monk, but granting leave to the petitioner to file an Amended Petition.  (*Id.*, Ex. 10).

After additional extensions of time and changes in counsel, on May 25, 2007, attorney Dennis H. Curry filed an Amended Petition for a Writ of Habeas Corpus, which raised a solitary ground for relief:

1.      That the defendant was unconstitutionally denied a meaningful defense in violation of the Due Process Clause by denying the defendant the right to offer expert testimony in support of his contention that he suffered from Intermittent  Explosive Disorder, an affirmative defense which the petitioner argues would have negated the element of intent necessary to convict him of first degree  murder, second degree murder or voluntary manslaughter.

(*Id.*, Ex. 11).  The amended petition further stated that the petitioner wished to pursue claims from his prior petition, which the court had dismissed without prejudice, but which Mr. Curry declined to reassert.  (*Id.*, Ex. 11 at 7, ¶ 23).  The Amended Petition did not identify those grounds for relief, and the prior petition is not part of the record before this court.

On October 1, 2008, while the Amended Petition for a Writ of Habeas Corpus was pending in Case No. 93-C-147, the petitioner, proceeding *pro se*, filed another Petition for a Writ of Habeas Corpus in the Circuit Court of Roane County, which was assigned Case No. 08-C-62.  (*Id.*, Ex. 12).  That petition raised the following grounds for relief:

**Ground One:**   The Trial Court denied the Petitioner's Constitutional Rights to Due Process, Fair Trial and Reasonable Bail by:

A.      Refusing to set bond in this case.

B.      Limiting the expense of appointed counsel to $1,000 and denying defense counsel's request for additional private investigator funds.

C.   Denying the defense's Motion to Dismiss for insufficiency because the indictment did not allege a month or day in which the crime was alleged to have occurred and the felony count did not have a felony number.

D.   Denied the defense reasonable choice of a defense expert on mental state of mind when the State had access to an expert.

E.   Denied the Defense's Motion in Limine to Suppress Dr. Sopher, the State Medical Examiner, from testifying that the death of the alleged victims was the result of "homicide."

F.   Denying the defense's motion in limine to suppress gruesome autopsy and crime scene pictures when their prejudicial effect outweighed their probative value.

G.   Denying the defense's motion to suppress the introduction of the alleged victim's clothing.

H.   Denying the defense's motion to bifurcate the issues of guilt and mercy.

I.   Denying the defense's motion to use a jury questionnaire form for voir dire to determine bias due to pretrial publicity.

J.   Allowing the special prosecutor to take the oath of office before the circuit clerk prior to the entry of an order appointing [him], which made his participation at trial improper.

K.   Refusing the defense's motion to strike for cause during voir dire of jurors Catherine Boggs and Dan Anderson.

L.   Improper jury selection process of filling main jury seats with alternate jurors by seat numbers rather than by order selected.

M.   Limiting full cross-examination of State witness Melinda Stewart in front of the jury.

N.   Limiting full cross-examination of State witness Connie Nichols concerning a prior inconsistent statement given to the West Virginia State Police.

O.   Reading into the record a prior statement of State witness Connie Nichols before the jury and denied the defense the opportunity of meaningful cross- examination.

P.    Refusing to allow the defense to introduce the testimony of West   Virginia State Trooper Houston Eads as to statements made at the time of arrest.

Q.    Refusing to allow the introduction of defense exhibit # 4 through Trooper Eads.

R.    Failing to instruct the jury on lesser included offenses.

S.    Failing to put lesser included offenses on the jury verdict form.  (Rule 31(c)).

T.    Refusing to set aside the verdict because the jury verdict went against the weight of the evidence.

U.    Refusal to require a presentence report be completed by the Adult Probation officer prior to sentencing.

V.    By allowing a trial to go forward on an invalid indictment, the indictment count charging Murder did not include all of the elements of First Degree Murder and specifically did not aver intent nor premeditation.

W.    Allowing the Prosecutor and Defense Counsel Benford to conduct an off-record discussion with a State witness during trial outside the presence of the Petitioner/Defendant.

**Ground Two:**  The State violated the Petitioner's Constitutional rights to Due Process and a Fair Trial by:

A.    The prosecuting attorney made improper prejudicial statements in his closing arguments and rebuttal before the jury.

B.    Offering unsworn testimony before the grand jury.

C.    Using unfair trial tactics before the jury.

**Ground Three:**  The appointed defense counsel violated the Petitioner's Constitutional rights to Due Process, a Fair Trial, and the Effective Assistance of Counsel by:

A.    Failure to determine the defense expert Ralph Smith's testimony prior to trial.

B.      Failure to attempt to introduce a prior written statement of State witness Connie Nichols by the police officer who took the statement.

C.      Failed to request that potential jurors be questioned or polled as to news exposure to Killeen, Texas murders which occurred during trial.

D.      Failed to timely object to the prosecutor's improper rebuttal arguments to the jury and request that the trial court declare a mistrial.

E.      Failed to move the trial court for a change of venue because of adverse pretrial publicity.

F.      Failed to present a defense of diminished capacity knowing that the Defendant was an alcoholic and had been drinking at the time of his actions.

G.      Impermissibly conducted cross-examination of State witness Melinda Stewart regarding the petitioner/defendant's past criminal conduct before the jury.

H.      Failed to move the Trial Court to dismiss faulty counts of the indictment that did not aver all of the elements of the offenses.

I.      Failed to attack the indictment based on unsworn testimony in grand jury proceedings.

J.      Failed to move the Trial Court to suppress inculpatory statements made by the Defendant.

K.      Failed to sufficiently investigate the case before trial, discuss defense strategy with the Defendant, and failed to keep the Defendant informed of important pre-trial and trial matters.

L.      Failed to call defense witnesses to rebut State evidence and possibly negate intent by failing to call witnesses that could have testified to the Defendant's state [o]f intoxication at the time [o]f the acts.

M.      Failed to prepare proper instructions and verdict forms for presentation to the Trial Court and the Jury.

      N.    Failed to object to State's Instruction No. 5 which erroneously stated that malice may be inferred by the use of a deadly weapon.

      O.    Failed to raise important legal issues in the petition for appeal to the West Virginia Supreme Court of Appeals.

(*Id.*, Ex. 12 at 17-21).

Judge Nibert conducted hearings in Case No. 93-C-147 on May 4, 2009, June 22, 2009, October 19, 2009 and November 22, 2009. (ECF No. 12, Exs. 13-17). On June 28, 2010, Judge Nibert issued a Final Order, in which he addressed only the merits of the petitioner's claim that he was denied a meaningful defense in violation of the Due Process Clause of the Fourteenth Amendment, and Article III, Section 10 of the West Virginia Constitution when the trial court denied him the opportunity to present expert witness testimony. (*Id.*, Ex. 18). The Final Order found as follows concerning the denial of defense claim:

> The Petitioner herein was given a fair opportunity to explore a potential defense relating to the issue of the necessary element of intent required for murder and voluntary manslaughter. The trial court's ruling denying Petitioner a second opportunity to explore such potential defense was reasonable considering the trial court's finding, supported by the evidence, that Dr. Smith conducted an objective evaluation.

> As a result, this Court does hereby deny the defendant's relief sought on the Amended Petition.

(*Id.*, Ex. 18 at 22).

The Final Order also sets forth in detail the fact that, in a letter dated October 4, 2008, the petitioner stated that he intended to proceed as Mr. Curry saw fit, and did not wish to pursue issues that were without merit. Accordingly, Judge Nibert treated the letter as a waiver of all other grounds for relief that were raised in Case No. 08-C-62,

which was consolidated with Case No. 93-C-147, and any other potential grounds that could be raised by the petitioner.  (*Id.*, Ex. 18 at 5-6).

On May 24, 2010, the petitioner, by counsel, Mr. Curry, filed a Motion for Reconsideration of Denial of Amended Petition, which was denied on June 24, 2011. (*Id.*, Exs. 19 and 20).

On July 14, 2011, the petitioner filed a *pro se* Notice of Appeal from the Circuit Court's June 24, 2011 Order denying his Motion for Reconsideration.[5]  (ECF No. 12, Ex. 21).  The *pro* se Notice of Appeal, which was assigned Case No. 11-1083, raised the following assignments of error:

> 1.   Did the trial court "abuse its discretion" by denying ineffective assistance of trial     counsel where a vast array of evidence confirms trial counsel's ineptitudes, incompetencies,  and  neglect  to  the duties he owed his client in direct violation of West Virginia Constitution Article II, §§ 10 and 14 and United States Constitution Amendments  5,  6  and  14  mandating  remand  for  further proceedings on reversal of conviction, vacation of sentence and a new trial?

> 2.   Did the trial court "abuse its discretion" by denying the petitioner his avenue of defense, where a mere psychological evaluation by a qualified psychologist and psychiatrist would have permitted him to argue and present a medically sound disability, a treatable disorder, as a defense to the commission of the alleged crimes in derogation of West Virginia Constitution Article II, §§ 10 and 14 and United States Constitution Amendments 5, 6 and 14 mandating remand  for  further  proceedings  on  reversal  of  conviction, vacation of sentence and a new trial?

> 3.   Did the habeas court "abuse its discretion" where it denied the Motion for Reconsideration of Amended Petition for Post-conviction  Habeas  Corpus  where  clearly  the  petitioner demonstrated the prejudice of his counsel's failure to put on  "any" evidence to refute the testimony of Dr. Smith and his clearly outdated views and recognition of viable psychiatric disabilities in direct violation of West Virginia Constitution Article II, § 10 and

---

[5]   The respondent's Memorandum of Law indicates that this document was filed by counsel.  (ECF No. 14 at 8).  However, a review of the Notice of Appeal itself reveals that it was executed by the petitioner, without a signature of counsel.  (ECF No. 12, Ex. 21 at 8-9).

United States Constitution Amendments 5 and 14 mandating remand for further proceedings on reversal of conviction, vacation of sentence and a new trial?

4.   Did the habeas court abuse its discretion by failing to rule on this case and permitting respondent to continually refuse to reply to order after order for years, denying due process and equal protection of law and meaningful timely review in derogation of West Virginia Constitution Article III, §§ 5, 10 and 17 and United States Constitution Amendments 5 and 14 and Article 1 § 10 cl. 1 mandating reversal of conviction, vacation of sentence and a new trial?

5.   Did the trial court abuse its discretion by denying petitioner relief where, clearly, habeas corpus counsel and trial counsel did not follow through with grounds asserted in derogation of West Virginia Constitution Article II, §§ 10 and 14 and United States Constitution Amendments 5, 6 and 14 mandating reversal and remand?

6.   Does the failure of habeas corpus counsel to recognize and bring forth the attached errors and elongating with facts and prejudice so constitute ineffective assistance as to require habeas corpus proceedings anew?

7.   Does the cumulative effect of numerous errors and omissions of counsel so prejudice the petitioner as to require remand or reversal?

(*Id.*, Ex. 21 at 11).  The Notice of Appeal also attached excerpts from the Grounds for Relief section of the petitioner's *pro se* habeas petition filed in Case No. 08-C-62.  (*Id.*, Ex. 21 at 12-14).

The SCAWV subsequently granted the Petition for Appeal and permitted briefing. The petitioner was represented by Teresa L. Monk and Dennis H. Curry, both of whom had represented the petitioner in the course of his Circuit Court habeas proceedings. The petitioner's brief, which was filed on October 26, 2011, raised the following issues: (1) whether the petitioner was denied his constitutional rights to due process when the trial court erred in not allowing the defense to hire an expert witness of their choice; and

(2) whether the habeas court abused its discretion in denying the petitioner's amended petition and motion for reconsideration.  (ECF No. 12, Ex. 22).

On December 9, 2011, the respondent's counsel, Assistant Attorney General Laura Young, filed a Motion to Require Petitioner to File an Amended Brief because the initial brief filed by the petitioner did not contain specific citations to the Appendix, including pinpoint citations to parts of the record indicating when and how the issues that are the subject of the assignments of error were presented in the lower court.  (ECF No. 12, Ex. 23).

The petitioner, by counsel, Dennis H. Curry, filed an Amended Brief on January 27, 2012, which cited to specific parts of the Appendix.  The Amended Petition phrased a solitary assignment of error as follows:

> The Circuit Court erred in denying the Amended Writ of Habeas Corpus ad subjiciendum and the Motion for a Reconsideration of Order Denying Amended Petition of Writ of Post-Conviction Habeas Corpus

(ECF No. 12, Ex. 24 at 4).  Only the denial of the opportunity to present a defense expert was addressed in the Amended Brief.  (*Id.*)

On March 12, 2012, the respondent, by counsel, Laura Young, filed a Summary Response to the Petitioner's Amended Brief.  (ECF No. 12, Ex. 25).

On February 11, 2013, the SCAWV issued a Memorandum Decision finding no clear error or abuse of discretion, adopting and incorporating by reference the reasoning of the Circuit Court in denying the habeas petition and Motion for Reconsideration, and denying the petitioner's appeal.  (ECF No. 12, Ex. 26).

### *The petitioner's section 2254 petition*

The petitioner filed the instant section 2254 petition on April 8, 2013, raising the following grounds for relief:

1.      Petitioner was denied his opportunity to present a complete defense as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the [United States of America] when the trial court denied an indigent defendant's reasonable choice of a defense mental expert when the state had access to use of an expert and also the trial court erred in denying the defendant's motion for additional fees to retain Dr. Russell R. Monroe after defense expert Ralph Smith testified that he subjectively did not believe that the mental condition defendant was provisionally diagnosed to suffer from was an actual  mental condition or disease that existed at all.

2.      Petitioner was denied his right to effective and meaningful assistance of counsel as secured by the First, Sixth and Fourteenth Amendments to the Constitution of the [United States of America] by his acts of omission and acts of commission during  petitioner's pre-trial, trial and sentencing, [as follows]:

      A.      Defense counsel failed to move the Court to dismiss the indictment when the indictment failed to include all of the essential elements of murder in the first degree, *i.e.*, the indictment failed to include the elements of intent and premeditation.  [Citation omitted].

      B.      Defense counsel failed to attack the validity of the indictment on the grounds that the prosecuting attorney offered unsworn testimony before the grand jury on January 24, 1990.  [Citation omitted].

      C.      Counsel failed to move the Court for a change of venue when it was apparent that there was so much prejudicial pre-trial publicity in small rural community of Spencer, population 2,279, that it was impossible to empanel an impartial jury. Eight out of 10 prospective jurors were dismissed or excused because they had seen or read a newspaper article about this case which stated that the defendant abused alcohol. [Citation omitted].  The trial court erred in denying defendant's motion to use the West Virginia Public Defenders Service Jury Questionnaire form to inquire of potential jurors denying defendant meaningful voir dire of potential jurors when the trial was for two first degree murder charges and the case was the subject of extensive news media coverage.

      D.      Counsel was aware petitioner was an alcoholic but failed to investigate, develop or present the defense of diminished capacity.

      E.     Counsel failed to move the Court to suppress certain inculpatory statements made by petitioner.  [Citation omitted].

      F.     Counsel failed to prepare a complete defense when they failed to properly investigate the case and discuss probable defense strategy and tactics with their client before trial.

      G.     Counsel failed to summon or call defense witnesses to rebut the testimony of state witnesses.  Counsel failed to summon or call defense witnesses on the issue of provocation and self-defense.  Counsel failed to subpoena or call defense witnesses who could attest to petitioner's intoxication at the time of the crime.

      H.     Counsel failed to prepare proper jury instruction for consideration by the trial judge.  Counsel failed to object to State Instruction No. 5 which erroneously informed the jury that malice may be inferred by the use of a deadly weapon.

      I.     Counsel failed to raise important legal issues in the petition for appeal to the [SCAWV].

3.     Petitioner was denied a fair and impartial trial as secured by the Sixth and Fourteenth Amendments to the Constitution of the [United States of America] when petitioner was denied a change of venue due to extensive pretrial publicity and the panel of twenty prospective jurors free of exception was due [to] the inclusion [of] biased jurors on petit jury that heard the case.  [Citations omitted].

4.     Petitioner was denied a fair and impartial jury trial as secured by the 6th and 14th Amendments to the Constitution of the [United States of America] when trial court failed to provide the petit [jury with] complete and accurate instructions as to the law applicable to this case.

(ECF No. 2).

On August 1, 2013, the respondent filed a Response to the section 2254 petition (ECF No. 11), a Motion for Summary Judgment, with exhibits (ECF No. 12) and a Memorandum of Law in support thereof (ECF No. 14).[6]

---

[6]  By separate Order, the undersigned granted Motions to File Over-length Documents filed by both parties (ECF Nos. 13 and 17) and allowed the parties' memoranda to exceed the 20-page limit set forth in Local Rule 7.1(a)(2) of the Local Rules of Civil Procedure.

On August 9, 2013, the petitioner responded to the Motion for Summary Judgment and included a request to amend his petition to raise any and all federal constitutional claims that were exhausted in his direct appeal.  (ECF No. 15).  The petitioner attached a more legible copy of his Petition for Appeal to his response/motion than that provided from the microfilmed records at the SCAWV.  (*Id.*)

On August 19, 2013, the respondent filed an Objection to the petitioner's request to amend his section 2254 petition to include any constitutional grounds for relief from his direct appeal.  (ECF No. 16).  The basis of the respondent's objection is that the additional claims are "groundless, superfluous, meritless and repetitive," and that amendment would not serve the ends of justice.  (*Id.*)  The petitioner's motion to amend will be further addressed *infra*.

On September 4, 2013, the petitioner filed an additional Response to the respondent's Motion for Summary Judgment, which addressed in greater detail the merits of his individual claims for relief, and arguments for why the Motion for Summary Judgment should be denied.  (ECF No. 19).  The respondent did not file a reply brief.

## ANALYSIS

### *The petitioner's Motion to Amend his section 2254 petition*

The first issue this court must address is the petitioner's request to amend his section 2254 petition to include additional grounds for relief that were exhausted through his direct appeal.  In his initial response, the petitioner attached his appellate brief and requests "permission to amend the current petition and cure any factual deficiency to include all the constitutional grounds for relief identified by Mark G. Sergent in the Direct Appeal to the [SCAWV]."  (ECF No. 15 at 8).

The respondent argues that the petitioner has not demonstrated good faith grounds that would merit leave of this court to amend his section 2254 petition under Rule 15(a)(2) of the Federal Rules of Civil Procedure.  (ECF No. 16 at 3).  However, Rule 15(a)(2) states that leave shall be freely given when justice so requires.

Section 2244(d)(2) of the Title 28 of the United States Code provides that claims raised in a second or successive section 2254 petition may only be addressed by a federal court under certain enumerated circumstances.  Thus, because a federal habeas petitioner generally only gets one bite at the apple, the petitioner herein should be able to raise any and all cognizable and exhausted claims that he seeks to raise in the instant petition.  Accordingly, to the extent that the petitioner's direct appeal included cognizable federal constitutional claims, and assuming that the same would be timely, it would appear that justice requires that the petitioner be permitted to amend his section 2254 petition to include such claims.  However, before allowing any amendment, the court must make a determination of the timeliness of the petitioner's section 2254 petition and whether the addition of other claims would be considered timely.

### *The statute of limitations*

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Specifically, the AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).  However, Section 2244(d)(2) further provides as follows:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thus, generally a federal habeas corpus petition must be filed within one year of the underlying state court judgment becoming final, unless the prisoner has a pending petition for post-conviction relief in state court. *Harris v. Hutchinson*, 209 F.3d at 327. If a properly filed state habeas corpus petition is pending, the one-year limitation is tolled until final disposition of the state proceedings. *Id.*

The petitioner, however, was convicted prior to the enactment of the AEDPA. Under those circumstances, the one-year statute of limitations runs from the date of enactment, or April 24, 1996. Thus, in the petitioner's case, the one-year statute of limitations would have expired on April 24, 1997, if the petitioner did not have a state habeas proceeding pending at that time.

The petitioner's first state habeas matter was opened on July 28, 1993, prior to the enactment of the AEDPA, and remained pending in some form, until it was dismissed on the merits on January 28, 2010. Thus, the statute of limitations was tolled throughout that time period, and remained tolled until the SCAWV dismissed his habeas appeal on February 11, 2013, nearly twenty years later.

Accordingly, based upon the undersigned's calculations, only 55 days had passed under the statute of limitations at the time the petitioner filed his section 2254 petition. Thus, as conceded in the respondent's Answer (ECF No. 11), the undersigned proposes that the presiding District Judge **FIND** that the initial section 2254 petition was timely filed.

However, the statute of limitations continued to run for any unexhausted claims or the addition of other exhausted claims.  *See Duncan v.* Walker, 533 U.S. 167, 181 (2001).  The petitioner made his request/motion to add the claims from his direct appeal on August 9, 2013.  As of (but not including) that date, 178 days had passed under the statute of limitations.  Thus, the petitioner's request to amend his section 2254 petition was also timely.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's request to amend his section 2254 petition to include any cognizable federal constitutional claims that were exhausted through his direct appeal is timely, and that he should be so permitted to amend his section 2254 petition.

<u>Claims that may be added to section 2254 petition</u>

Next, this court must determine which claims, if any, from the petitioner's direct appeal are cognizable federal constitutional claims that may be eligible for federal habeas corpus review.  Based upon the undersigned's review of the claims set forth on pages 3 through 7 of this Proposed Findings and Recommendation, the undersigned proposes that the presiding District Judge **FIND** that the following grounds for relief are cognizable federal constitutional claims which were exhausted through his direct appeal, and which the petitioner should be permitted to pursue in this section 2254 proceeding:

> 4.    That the trial court erred and denied defendant due process, equal protection and effective assistance of counsel because of defendant's indigence when the trial court denied defendant's reasonable choice of a defense mental expert when the state had access to use of an expert and also that the trial court erred in denying defendant's motion for additional fees to retain Dr. Russell R. Monroe after defense expert Ralph Smith testified that he subjectively did not believe that the mental condition defendant

was provisionally diagnosed to suffer from was an actual mental condition or disease that existed at all.

10.    That the defendant was denied a fair trial when the special prosecuting attorney took his oath of office before the circuit clerk prior to the entry of an order of appointment, therefore his participation in the case was improper.

13.    That the trial court denied defendant effective confrontation and full cross-examination of state's witness Melinda Stewart, *sua sponte*, in the presence of the jury and therefore improperly influenced the jury against the defendant's theory of the case and also by limiting full cross-examination of state's witness Connie Nichols concerning a prior inconsistent written statement given to the West Virginia State Police and the trial court introducing the prior statement orally to the jury for the purpose of credibility but not for evidence of the matter stated without the opportunity of further cross-examination.

14.    That the trial court denied defendant a fair trial when the trial court refused to allow the defendant to introduce the testimony of West Virginia State Police Sergeant H.M. Eades as to the statements defendant made to said witness at the time of his arrest at the State Police station and in refusing to admit defendant's exhibit #4 through said witness, which was the rights sheet completed by said witness at the time defendant made said statements, which were defendant's present recollection of the events leading to the criminal charges which such lack of memory or fabrication of no memory was the subject of argument to the jury by the prosecuting attorney and that the trial court erred in refusing to allow the defendant to testify on direct examination that he knows that not remembering the events surrounding the shooting in this case is not a defense to the charges insasmuch as such knowledge goes to the credibility of defendant as a witness on his own behalf.

15.    That the trial court failed to properly instruct the jury in this case denying the defendant a fair trial when the trial court did not give certain jury instructions offered by the defendant containing certain areas of the law which were [not?] adequately covered in the court's instructions to the jury, including but not limited to the lesser included offense of voluntary manslaughter and in giving the state's instructions, over the defendant's objection, including an instruction dealing specifically with the testimony of state witness Connie Nichols.

18.  The petitioner was denied his right to a fair trial based on competent evidence presented by a fair and impartial prosecuting attorney in that the prosecuting attorney made improper prejudicial statements in his closing and rebuttal argument to the jury.

19.  That the petitioner was denied effective assistance of counsel at his trial based upon the following events:

   a.  That trial counsel did not discover Dr. Ralph Smith's subjective denial of the existence of DSM III category Intermitent Explosive Disorder (312.34) as a possible diagnosis prior to his selection as defense expert and his testimony in  this case.

   b.  That trial counsel failed to attempt to introduce the prior written statement of state's witness Connie Nichols by the police officer who took the statement.

   c.  That trial counsel failed to request that the trial jury be questioned or polled as to the possibility that news coverage of the Kileen, Texas murders had improperly influenced the trial jury.

   d.  The trial counsel failed to timely object to the prosecuting attorney's improper rebuttal argument to the jury and failed to request a mistrial on that ground.

21.  That there were numerous errors and violations of fundamental rules of law and evidence that considered cumulatively denied defendant a fair trial.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, whether or not the petitioner can ultimately succeed on such claims, Grounds 4, 10, 13, 14, 15, 18, 19 and 21 contain cognizable federal constitutional claims upon which the petitioner should be able to pursue relief in his section 2254 petition.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the petitioner's Motion to Amend his section 2254 petition (ECF No. 15) and permit the petitioner to include Grounds 4, 10, 13, 14, 15, 18, 19 and 21 from his direct appeal, as discussed above.

It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the respondent's Motion for Summary Judgment (ECF No. 12), to enable the respondent to answer, in full, the petitioner's Amended Section 2254 Petition.  The respondent need not re-file the exhibits already provided, and the same may be incorporated into a new response, which will be separately ordered, if necessary, after the rulings of the presiding District Judge concerning this Proposed Findings and Recommendation.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to counsel of record.

 January 21, 2014

Dwane L. Tinsley
United States Magistrate Judge