UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

ROGER LEE HARPER,

      Petitioner


v.                       CIVIL ACTION NO. 2:13-7421


DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

      Respondent


<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 10, 2014, the respondent's motion for summary judgment, including the incorporated motion to dismiss as to certain grounds, filed June 16, 2014, and petitioner's Motion to Deny Respondent's Motion to Dismiss pursuant to Rule 12(b)(6), filed June 20, 2014.

      This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who, on February 19, 2015, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that the petition be dismissed.

On March 10, 2015, the court granted petitioner's motion to extend the time within which he could object to the PF&R, with objections due March 17, 2015.  On March 13, 2015, the court granted petitioner's motion to extend the page limitation for his objections.  The court granted a 10-page extension despite the fact petitioner's motion did not request any particular number of additional pages.  On March 17, 2015, the court received petitioner's objections, which are 23 pages in length.  The court addresses each of the objections below.

First, the magistrate judge recommends as follows respecting exhaustion of state remedies:

> [T]he undersigned proposes that the presiding District Judge FIND that Grounds 2(a), 2(b), 2(c), 2(e), 2(f), 2(g), 2(h), 2(i) . . . 2(j) [and Ground 3] are unexhausted and procedurally defaulted and are not proper for this court's review under 28 U.S.C. § 2254.

(PF&R at 15-16).  Petitioner objects to this recommendation.  He asserts that his procedural default should be excused inasmuch as he can show cause and prejudice.  The petitioner is correct respecting the doctrine's existence.  See, e.g., Fowler v. Joyner, 753 F.3d 446, 460 (4th Cir. 2014) ("Ordinarily, a habeas petitioner is procedurally barred from obtaining federal habeas review of a claim if he failed to raise and exhaust the claim in state court. . . . [When this occurs,] habeas review of the claim will only be permitted if the petitioner can demonstrate (1) cause for the default and prejudice resulting therefrom or

2

(2) that the failure to consider the claim will result in a fundamental miscarriage of justice.") (citations omitted).

He is incorrect, however, that he may benefit from the doctrine here.  It is the petitioner's burden to demonstrate cause and prejudice.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991) (explaining that defendant has the burden of demonstrating cause and prejudice).  Aside from his very general and vague observations, petitioner offers only the following promised showing: "Given the page limitation upon pro se written objections to the PF&R, petitioner prays this Court will afford petitioner an opportunity to demonstrate that the defaulted . . . claims are substantial and have some merit, and, further that [his original state habeas counsel] Mr. Curry abandoned these meritorious . . . claims."  (Objecs. at 5).  Petitioner's effort to demonstrate cause and prejudice does not approach the threshold.  His plea respecting the page limitation does not aid him.  His objections span only 23 pages, well short of the 30 pages authorized by the court.  The petitioner has thus not satisfied his burden to show cause and prejudice.  The objection is not meritorious.

Second, the magistrate judge addresses the merits of Grounds 1 and 10, in which petitioner asserts he was denied the right to advance a "complete defense" when the circuit court

3

denied funding for him to retain an additional mental health expert after the first expert did not support petitioner's diagnosis of Intermittent Explosive Disorder ("IED").  In summary, the magistrate judge, following an in-depth treatment of the record, recommends as follows:

> As noted by Judge Nibert in his Final Order denying the petitioner habeas corpus relief on this ground, "there is nothing in the record to indicate that Dr. Monroe would have presented the defense that [the petitioner] sought" and "the issue was not the funds required but whether the request was reasonable considering the fact that an evaluation had been performed by an expert chosen by the defendant's attorneys." (ECF No. 12, Ex. 18 at 22). The undersigned proposes that the presiding District Judge FIND that Petitioner has not demonstrated that the trial court's refusal to allow the petitioner to seek an additional expert witness on the IED issue was fundamentally unfair or a miscarriage of justice and, thus, Petitioner has not demonstrated a violation of his right to compulsory process, due process of law, or equal protection under the Sixth and Fourteenth Amendments. The undersigned further proposes that the presiding District Judge FIND that the state courts' decisions denying habeas corpus relief on this claim were neither contrary to, nor an unreasonable application of, clearly-established federal law; nor were they based on an unreasonable determination of the facts presented in the state court proceeding. Thus, the undersigned further proposes that the presiding District Judge FIND that the Respondent is entitled to judgment as a matter of law on Grounds 1 and 10 of Petitioner's Amended Petition.

(PF&R at 28).

In his objections, petitioner alleges violations of his Sixth and Fourteenth Amendment rights essentially based upon the failure of his first chosen expert, Dr. Ralph Smith, to

testify that petitioner suffered from IED.  The constitution does not, however, compel a medical professional of an accused's choosing to give evidence favorable to the accused, especially when the professional's training and experience suggests such evidence would be false.  (See, e.g., PF&R at 22 ("It's a very rare condition. It's very difficult to meet the condition because of the exclusion criteria, and once he met those, and I didn't believe he was in that category, it was my opinion it was not worth pursuing any further.") (quoting testimony of Dr. Smith) (citation omitted)).

Petitioner further appears to suggest that the circuit court denied the replacement expert for Dr. Smith based upon defense counsels' failure to inform the court that a statutory increase in funds for such purposes was at his disposal.  That is, at best, an incomplete appraisal of Judge Nibert's views on the matter. (See, e.g., PF&R at 23 (quoting Judge Nibert's order).[1]  The objection is not meritorious in light of the

---

[1] One portion of Judge Nibert's final order on the matter, which is quoted in the PF&R, provides as follows:

The Court, after conducting an evidentiary hearing and evaluating the testimony of Dr. Smith, concluded that Dr. Smith had been fair in his evaluation of the defendant, and further concluded that the defendant was seeking an additional expert because he did not like the opinion of his first expert. The Court found that defense counsel was looking for an expert that had the same view as counsel with regard to the disorder and that said motion is both unreasonable and

magistrate judge's thorough analysis.  As the magistrate judge aptly recommends, the circuit court decisions denying relief on this claim were neither contrary to, nor an unreasonable application of, clearly established federal law.

Third, the magistrate judge addresses the merits of the unexhausted portions of Ground 2, in which petitioner asserts he was rendered ineffective assistance of counsel on the following four bases:

> d. Counsel failed to voir dire jury regarding the impact of the Killeen, Texas murders.[2]
>
> k. Counsel failed to ascertain Dr. Ralph Smith's opinion prior to offering his expert testimony.
>
> l. Counsel failed to introduce a prior written statement of Connie Nichols.
>
> m. Counsel failed to timely object to the prosecutor's improper rebuttal argument and failed to request a mistrial.
>     The petitioner does not object to the magistrate

judge's adverse recommendations as to Grounds 2(d) and 2(l). The court thus deems those two matters insusceptible to review.[3]

_____

> unnecessary. The Court felt it necessary to draw the line somewhere.

(PF&R at 23).

[2] On October 16, 1991, the second day of petitioner's trial, a man murdered 23 people in a Killeen, Texas cafeteria.

[3] The same is true of petitioner's challenge respecting Ground 6, inasmuch as his objection lacks the specificity necessary for scrutiny thereof.

United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008);

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005) ("We have long held that the Federal Magistrates

Act cannot be interpreted to permit a party to ignore his right

to file objections with the district court . . . .") (internal

quotation marks, alterations, and ellipsis omitted)).

Petitioner has objected respecting the recommendations

made on Grounds 2(k) and 2(m).  A summary of those

recommendations, respectively, appears below:

> The undersigned has already addressed the petitioner's
> claims that that the trial court's failure to allow
> him to retain another expert witness concerning the
> petitioner's mental state and his provisional IED
> diagnosis did not result in a violation of the
> petitioner's Sixth or Fourteenth Amendment rights, and
> did not result in an unfair trial. Consequently, even
> if the petitioner could show that his counsel's
> failure to determine Dr. Smith's opinion prior to
> offering his testimony to the trial court, in camera,
> fell below an objective standard of reasonableness,
> the petitioner ultimately cannot affirmatively prove
> that, but for counsel's allegedly unreasonable
> conduct, the result of the proceedings would have been
> different.
>
> . . . .
>
> [A]s noted herein, habeas relief is only warranted if
> a prosecutor's remarks rendered the trial
> fundamentally unfair. The undersigned has proposed,
> infra, that the presiding District Judge FIND that the
> petitioner was not denied a fair trial based upon the
> remarks of the prosecutor during his closing
> arguments. Accordingly, the undersigned further
> proposes that the presiding District Judge FIND that
> the petitioner cannot satisfy the prejudice prong of
> the Strickland standard and, thus, he is not entitled

to habeas corpus relief on this basis.

(PF&R at 35, 37).  As to Ground 2(k), petitioner relies upon Stevens v. McBride, 489 F. 3d 883 (7th Cir. 2007).  The decision in Stevens is not binding precedent.  Furthermore, it is distinguishable on many grounds, not the least of which is that it involved a defense expert testifying during the mitigation phase in a capital case who presented concerns far removed from those surrounding Dr. Smith:

> Stevens's lawyers had concluded that Dr. Lennon was a "quack."  Indeed, it is uncontested that Stevens's lawyers knew nothing about the content of Dr. Lennon's planned testimony. The lawyers confessed at the post-conviction hearing that they were utterly in the dark about what Dr. Lennon would say when he took the stand. They frankly admitted that during trial preparations, Dr. Lennon would only repeat, "I can handle it. Don't worry about it." This is a complete failure of the duty to investigate with no professional justification.

Stevens v. McBride, 489 F.3d at 896.  The petitioner's objection concerning Ground 2(k) is not meritorious.

As to Ground 2(m), petitioner's objection is essentially non-responsive.  He contends that his counsel erred in not preserving an objection to the prosecutor's closing argument.  As the magistrate judge notes, however, the petitioner is obliged to show far more than mere error on counsel's part.  He must show that the prosecutor's remarks rendered his trial fundamentally unfair.  Petitioner's attempted showing does not approach that standard.

Fourth, the magistrate judge addresses the merits of Ground 4, in which petitioner asserts he was denied a fair and impartial jury trial when the trial court failed to provide the jury with complete and accurate instructions on the law applicable to his case:

> In the instant case, applying the authority of the state's highest court, the trial court found that the evidence did not support an instruction on voluntary manslaughter. As noted above, it is not the province of this court to re-visit whether that determination was correct. Rather, construing this claim broadly as an assertion that instructing the jury on malice and the inference thereof, and the failure to instruct the jury on voluntary manslaughter, resulted in the denial of a fair trial for the petitioner, and viewing the instructions as a whole in light of all the evidence presented, the undersigned proposes that the presiding District Judge FIND that the instructions, given or omitted, did not so infect the entire trial as to result in a violation of due process.
>
> . . . .
>
> A review of the instructions given to the jury, taken as a whole, in the context of the evidence presented at trial, including the instructions concerning impeachment and corroboration of witness testimony, were not found to be erroneous by the SCAWV. The undersigned proposes that the presiding District Judge FIND that the petitioner has not sufficiently demonstrated that the instructions given at his trial fundamentally impugned the fairness thereof. Accordingly, the petitioner has not established that the state court's decision denying him relief on this basis was contrary to, or an unreasonable application of, clearly established federal law.

(PF&R 45-46, 48). The petitioner's objection does little more than state his view that the circuit court erred at trial, which left the jury with the option of convicting him either on first

or second degree murder alone.  As discussed at pages 43-45 of
the PF&R, however, the circuit court fully explained its ruling
adverse to petitioner concerning the requested voluntary
manslaughter charge, which was based upon binding precedent from
the Supreme Court of Appeals of West Virginia.  Additionally, to
the extent that ruling, based on state law, could be stretched
into a cognizable federal constitutional claim, it was plainly
not one that was contrary to, or an unreasonable application of,
clearly established federal law.

     Fifth, the magistrate judge addresses the merits of
Ground 5, in which petitioner asserts he was denied a fair trial
on the basis that Thomas C. Evans, III, who was appointed as a
special prosecutor in his case, was not properly appointed.  He
asserts that Mr. Evans was administered the oath of office by
the circuit clerk prior to his appointment order being entered
by the circuit court.  The magistrate judge's recommendation may
be summarized as follows:

> In order to find a due process violation, the court
> must find that the appointment of the special
> prosecutor involved circumstances that impugned the
> fundamental fairness of the petitioner's trial. The
> petitioner has not offered any support for such a
> finding beyond his bald assertion that Mr. Evans took
> the oath prior to the order appointing him actually
> being entered into the record.

(PF&R at 50).  The petitioner asserts that "Respondent's

Memorandum of Law in Support of Respondent's Motion to Summary Judgment does not demonstrate that the State complied with the prescribed procedure for disqualifying a duly elected prosecuting attorney . . . ." (Objecs. at 19). That observation is beside the point. As the magistrate judge notes, petitioner must demonstrate that the circumstances surrounding Mr. Evans' appointment compromised the fundamental fairness of his trial. Inasmuch as he has failed to do so, the objection is not meritorious.

Having reviewed the balance of the magistrate judge's well-reasoned and supported recommendations, the petitioner's succinct, remaining objections are either patently insufficient or fall well short of satisfying the rigorous habeas standards governing the claims. Inasmuch as the objections are insufficient to warrant disturbing the magistrate judge's findings and recommendations, it is ORDERED as follows:

1. That the findings made in the PF&R be, and hereby are, adopted by the court;

2. That the respondent's motion for summary judgment and incorporated motion to dismiss be, and hereby are, granted;

3.   That the petitioner's Motion to Deny Respondent's
     Motion to Dismiss be, and hereby is, denied;

4.   That the section 2254 petition, and this action, be,
     and hereby are, dismissed.


     The Clerk is directed to forward copies of this
written opinion and order to all counsel of record, any
unrepresented parties, and the magistrate judge.

                         DATED:  March 27, 2015

                         _____
                         John T. Copenhaver, Jr.
                         United States District Judge